DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK CAYARD,**
Appellant,

v.

**U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE
FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN
TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-9,**
and **MELROSE HOMES AT MONARCH LAKES HOMEOWNERS
ASSOCIATION, INC.,**
Appellees.

No. 4D21-1326

[June 8, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge; L.T. Case No. 062017CA004493AXXXCE.

James Jean-Francois of James Jean-Francois, P.A., Hollywood, for appellant.

Hallie S. Evans of Troutman Pepper Hamilton Sanders LLP, Atlanta, GA, for appellee.

KUNTZ, J.

Frank Cayard appeals the circuit court's final judgment of foreclosure. He raises two issues. First, he argues U.S. Bank National Association failed to establish standing to foreclose. On this issue, we affirm without further discussion. Second, he argues the final judgment was not supported by competent substantial evidence. On this issue, we affirm in part, reverse in part, and remand for entry of an amended final judgment.

At trial, U.S. Bank introduced the payment history on the loan. Cayard argues the payment history was "incomplete, out of date, and did not reflect the current debt owed on the mortgage." We conclude the court correctly admitted the payment history under the business records exception to the hearsay rule. *See* § 90.803(6)(a), Fla. Stat. (2020).

Although the payment history was properly admitted, the final judgment did not reflect the testimony and information related to the payment history in three areas.

First, U.S. Bank concedes that the circuit court mistakenly calculated accrued interest using a fixed interest rate over the entire life of the mortgage. Second, U.S. Bank agrees that the cost of flood insurance included in the final judgment was greater than the amount supported by the payment history. Third, U.S. Bank concedes that the amount of "legal expenses" included in the final judgment was not supported by the evidence.

We affirm the court's final judgment except for those three issues. On remand, the circuit court must recalculate the proper amount of interest owed; reduce the amount of flood insurance to reflect the amount included on the payment history; and remove the awarded legal expenses without prejudice to U.S. Bank's right to seek allowable court costs if those costs are properly sought.

*Affirmed in part, reversed in part, and remanded for entry of an amended final judgment.*

CONNER, C.J., and GERBER, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2